**Opinion issued January 31, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00053-CR

———————————

**CHRISTOPHER LAMONT POTIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1251460**

---

## MEMORANDUM OPINION

A Harris County grand jury indicted Christopher Lamont Potier for

possession with intent to deliver more than four grams and less than 200 grams of

cocaine. The indictment also included an enhancement paragraph, which alleged a prior conviction for the felony offense of possession of a controlled substance. Potier pleaded guilty to the crime charged, and he pleaded true to the enhancement paragraph without an agreed recommendation from the State as to punishment. The trial court assessed a sentence of fifteen years' imprisonment. Potier filed a motion for new trial, which the trial court also denied.

Potier's court-appointed counsel has filed a motion to withdraw from Potier's representation on appeal, stating that a complete review of the record has revealed no arguable grounds of error. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In his pro se response to the *Anders* brief, Potier contends that: (1) the evidence is insufficient to support his conviction; and (2) his trial counsel was ineffective in abandoning his motion to suppress the evidence obtained in an illegally coercive search. A review of the record reveals no arguable ground for appeal. We therefore affirm.

## Background

In February 2010, the Houston Police Department, with the cooperation of a confidential informant, conducted a controlled narcotics buy at the Harris County home of Potier's eighty-one-year-old mother. Following that transaction, the HPD secured a narcotic search warrant for the home. According to the warrant, the informant named "Gregory Potier" as the person who sold him the narcotics.

2

Officer J. Castro and other officers in the HPD narcotics task force arrived at the address to execute the warrant. They knocked at the door, but received no response, so they kicked in the front door. They found Mrs. Potier home alone in her bedroom at the back of the house. The officers found another bedroom door that was locked with a deadbolt. Mrs. Potier told Officer Castro that her son, Christopher, resided in the room.

The officers broke open the bedroom door. Inside, they found several small, blue plastic bags stashed in a boot. The bags' contents field-tested positive for cocaine. In the closet, the officers found "cookies" of crack cocaine concealed in a shirt. They also found medication bottles with prescription labels printed with Potier's name and the same address.

Potier was contacted and arrived at the scene. The officers gave him his *Miranda* rights and questioned him. Potier acknowledged that he lived at his mother's home and claimed ownership of the narcotics found during the search. One of the keys on Potier's key ring fit the deadbolt used on the bedroom door. The officers placed Potier under arrest and took him into custody.

### Discussion

Counsel's brief meets the minimum requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on

appeal. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel sent a copy of the brief to Potier, requested permission to withdraw from the case, and notified Potier of his right to review the record and to file a pro se response.

When we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Any pro se response is also considered. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Thus, our role in this *Anders* appeal, which consists of reviewing the entire record, is limited to determining whether arguable grounds for appeal exist. *See id.* at 827. If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* If we determine that arguable grounds for appeal do exist, Potier is entitled to have new counsel address the merits of the

4

issues raised. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *Bledsoe*, 178 S.W.3d at 826–28. Potier may challenge the holding that there are no arguable grounds for appeal by petitioning for discretionary review in the Court of Criminal Appeals. *Id.* at 827 & n.6.

Following *Anders* and *Bledsoe*, we have reviewed the record, Potier's appointed counsel's *Anders* brief, and Potier's pro se response to that brief. We conclude that no reversible error exists. Consequently, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal, send appellant a copy of this opinion and judgment, and notify appellant that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 48.4; *see also Bledsoe*, 178 S.W.3d at 827; *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

## Conclusion

We affirm the judgment of the trial court and grant appointed counsel's motion to withdraw.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).

6